```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**EARL BARNETT,**

    **Plaintiff,**

**v.**                //        CIVIL ACTION NO. 1:11CV203
                                                (Judge Keeley)

**UNITED STATES ATTORNEY GENERAL,**
**FEDERAL BUREAU OF PRISONS,**

    **Respondents.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the magistrate judge's report and recommendation concerning the civil action filed by Earl Barnett. For the reasons set forth below, the Court **ADOPTS** the report and recommendation as modified and **DISMISSES** this case **WITH PREJUDICE**.

**I.**

On December 16, 2011, the <u>pro</u> <u>se</u> plaintiff, Earl Barnett ("Barnett"), filed a complaint against the defendants, the Federal Bureau of Prisons ("BOP") and the United States Attorney General (collectively "the defendants"). Although the complaint itself is unclear, it appears that Barnett intended to state a claim for employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, stemming from his employment with the Federal Correctional Institution Morgantown ("FCI Morgantown") between 1976 and 1978. The Court referred this matter to United States Magistrate Judge John S. Kaull for a report and recommendation pursuant to 28 U.S.C.

**BARNETT v. UNITED STATES ATTORNEY GENERAL, ET AL.        1:11CV203**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

§§ 636(b)(1)(A), (b)(1)(B) and L.R. Civ. P. 72.01(d)(6).

The defendants filed a Motion to Dismiss or for Summary Judgment on March 28, 2012, arguing, inter alia, that the defenses of res judicata and laches preclude Barnett's claims. (Dkt. No. 14). The magistrate judge issued a Roseboro notice to Barnett on April 17, 2012 (dkt. no. 17), and he filed a response in opposition to the defendants' motion on May 8, 2012. (Dkt. No. 22). The defendants filed a reply on May 22, 2012 (dkt. no. 24), and Barnett filed surreply on June 4, 2012. (Dkt. No. 25).[1]

On November 14, 2012, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R"), in which he recommended that the defendants' motion for summary judgment be granted and Barnett's complaint be dismissed with prejudice. (Dkt. No. 34). Magistrate Judge Kaull construed Barnett's complaint as asserting two claims: a claim that he was subjected to "harassment" by his co-workers between "1976 July and 1978 August," (dkt. no. 1-4 at 1), and a claim that, "in August of 1978," he was constructively discharged due to his race. (Dkt. No. 1 at 1). The magistrate judge concluded that (1) the doctrine of res judicata does not apply to this case; (2) Barnett's harassment claims must be dismissed

---

[1] Although Barnett's June 4, 2012 surreply was filed without leave of Court, the magistrate judge nevertheless considered it in his R&R. (Dkt. No. 34 at 4). Barnett filed a second unauthorized surreply on June 11, 2012 (dkt. no. 26), however, which the magistrate judge struck from the record. (Dkt. No. 34 at 4).

**BARNETT v. UNITED STATES ATTORNEY GENERAL, ET AL.        1:11CV203**

<u>**ORDER ADOPTING REPORT AND RECOMMENDATION**</u>

because he failed to timely exhaust his administrative remedies;[2] and (3) the defendants are entitled to summary judgment on the affirmative defense of laches as to both claims.

Barnett filed objections to the R&R on December 3, 2012. (Dkt. No. 36). His argument, in essence, is that he delayed filing this action for over thirty years because he was operating under the mistaken assumption that his claim "was being processes [sic] by the authorities in question and that it was a time consuming process." (Dkt. No. 36 at 2). After conducing a <u>de novo</u> review, the Court, for the reasons that follow, finds that Barnett's objections are without merit.

## II.

Barnett, and his allegations regarding his employment with FCI Morgantown, are well familiar to this Court. In 2005, he filed a civil action alleging that he was constructively terminated from his position at FCI Morgantown in August 1978 and, as a result, suffered from post-traumatic stress disorder. <u>Barnett v. Gonzales</u>, 1:05-cv-00058 (Dkt. No. 1) (N.D. W. Va. March 29, 2005). The BOP, which characterized his claim as one for discrimination based on

---

[2] Barnett did not specifically object to the magistrate judge's separate finding that the harassment claim, which was not raised in any fashion prior to 2009, should be dismissed for untimely counselor contact. The Court agrees with the magistrate judge that Barnett has demonstrated no basis for equitable tolling and, consequently, **ADOPTS** this portion of the R&R.

**BARNETT v. UNITED STATES ATTORNEY GENERAL, ET AL.**        **1:11CV203**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

mental disability, had dismissed his administrative complaint based on untimely contact with an EEO counselor, i.e., it found that Barnett contacted a counselor on April 5, 2004, over twenty-five years after the alleged incident. Id. at (Dkt. No. 19 at 39-42). The Court, however, found that the BOP had misconstrued Barnett's charge, as he had actually alleged that his purportedly unlawful constructive discharge had caused his later disability. Barnett v. Gonzales, No. 1:05CV58, 2006 WL 2796783, at *3 (N.D. W. Va. Sept. 27, 2006). Nevertheless, it found that:

> [R]egardless of the type of discrimination, any claim arising from the alleged forced termination should have been brought to an EEO counselor within 30 days of August 9, 1978. Because Barnett did not bring his discrimination claim to an EEO counselor until 2004, the EEOC properly dismissed his claim as untimely.

Id. at *4.

The Court therefore dismissed Barnett's claims, with prejudice, for incurably failing to timely exhaust his administrative remedies. Id. It denied Barnett's subsequent motion for reconsideration, in which he presented numerous arguments substantively identical to those currently pending here, on November 9, 2006. Barnett v. Gonzales, 1:05-cv-00058 (Dkt. No. 50) (N.D. W. Va. Nov. 9, 2006). On appeal, the United States Court of Appeals for the Fourth Circuit affirmed both Orders. Barnett v. Gonzales, 229 F. App'x 218 (4th Cir. 2007). The United States

**BARNETT v. UNITED STATES ATTORNEY GENERAL, ET AL.**      **1:11CV203**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Supreme Court denied certiorari on January 7, 2008. Barnett v. Mukasey, 128 S.Ct. 957 (2008).

Over a year and a half later, in August of 2009, Barnett contacted an EEO counselor regarding two new complaints. (Dkt. Nos. 15-1, 15-2). Barnett then filed an administrative complaint of discrimination on October 22, 2009, alleging that he was constructively discharged in August 1978 based on his race. The BOP issued a Final Agency Decision ("FAD") on January 5, 2010, dismissing Barnett's complaint as identical to the previously-dismissed administrative complaint from 2004. See 29 C.F.R. § 1614.107(a). While Barnett's appeal of that claim was pending, he filed yet another administrative complaint on September 24, 2010, alleging that he was subjected to workplace harassment culminating in his August 1978 constructive discharge. The BOP issued a FAD on November 22, 2010, finding that, once again, Barnett's newly-filed claim was simply a recasting of his prior claims. See 29 C.F.R. § 1614.107(a).

The Equal Employment Opportunity Commission ("EEOC") denied Barnett's appeals on March 31, 2011, dismissing his discrimination complaint for "rais[ing] the same claim pending or that has been decided by the Agency or Commission" and his harassment claim for untimely EEO counselor contact. (Dkt. Nos. 15-1, 15-2). Barnett filed a motion for reconsideration, which the EEOC denied on

**BARNETT v. UNITED STATES ATTORNEY GENERAL, ET AL.**     **1:11CV203**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

September 23, 2011. Id. He subsequently filed the instant suit in this Court.

### III.

#### A.

As a threshold matter, Magistrate Judge Kaull, after a lengthy analysis, concluded that Barnett's Title VII claims are not barred by res judicata. This doctrine bars a plaintiff from asserting claims brought in a prior lawsuit if three elements are present: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009) (quoting Aliff v. Joy Mfg. Co., 914 F.2d 39, 42 (4th Cir. 1990)). The magistrate judge concluded, and the Court agrees, that the second and third elements of res judicata are satisfied, as this case plainly involves the same parties and claims "aris[ing] from the same transaction or series of transactions" as those addressed in the 2006 action. Id. The Court disagrees, however, with the magistrate judge's conclusion that its prior dismissal of Barnett's case was not a "final judgment on the merits." (Dkt. No. 34 at 19).

The magistrate judge correctly noted that, in the ordinary case, a dismissal for failure to exhaust administrative remedies does not constitute an adjudication on the merits because it "is

6

**BARNETT v. UNITED STATES ATTORNEY GENERAL, ET AL.**          **1:11CV203**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

not a determination of the claim, but rather a refusal to hear it, and the plaintiff may thereafter pursue it in an appropriate forum or when the preconditions are met." (Dkt. No. 34 at 18). Here, however, the Court held, perhaps inartfully, that Barnett's claim was administratively "untimely," Barnett, 2006 WL 2796783, at *4, not that he had failed to exhaust such that it lacked subject matter jurisdiction over his claim as contemplated by Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). See Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 324 (4th Cir. 2001) ("[A] district court . . is 'best able to interpret its own orders.'" (citation omitted)). Indeed, the Court dismissed Barnett's prior claim with prejudice precisely because it determined that he would never be able to timely satisfy the relevant preconditions for filing suit, i.e., that he had inexcusably failed to bring "any claim arising from the alleged forced termination . . . to an EEO counselor within 30 days of August 9, 1978." Barnett, 2006 WL 2796783, at *3. Although Barnett now contends, as he did then, that this determination was in error, it nevertheless constitutes a final adjudication on the merits of his claims. See, e.g., Murtaugh v. New York, 810 F.Supp.2d 446, 485 (N.D.N.Y. 2011) ("[A] dismissal is considered to be on the merits where it is no longer possible to properly exhaust administrative remedies." (citation omitted)).

7

**BARNETT v. UNITED STATES ATTORNEY GENERAL, ET AL.        1:11CV203**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Thus, although this determination is largely superfluous in light of the applicability of the affirmative defense of laches, the Court notes that summary judgment for the defendants would be appropriate on the alternative grounds of res judicata as well.

**B.**

Turning to the issue that Magistrate Judge Kaull found dispositive, the equitable doctrine of laches, he determined that Barnett's claims are barred because the delay between the final act of the alleged discrimination (August 1978) and Barnett's October 2009 (racial discrimination) and September 2010 (harassment) administrative complaints was both unreasonable and prejudicial to the defendants. Barnett contends that he filed an EEOC charge alleging racial discrimination on September 25, 1978, and "at all times relevant . . . believed that the claim was an ongoing process and [he] did not know and was not aware of any termination of his claim until much later." (Dkt. No. 36 at 1).

The equitable defense of laches, which "bars a plaintiff from maintaining a suit if he unreasonably delays in filing a suit and as a result harms the defendant," is available to employers in Title VII cases. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 121 (2002). In order to successfully assert this defense, a defendant must prove: "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party

**BARNETT v. UNITED STATES ATTORNEY GENERAL, ET AL.        1:11CV203**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

asserting the defense." Id. at 121-22 (citation omitted). The determination of whether the undisputed facts warrant an application of laches is within the sound discretion of the district court. Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc., 673 F.3d 294, 299 (4th Cir. 2012).

Here, there is no question that the instant suit is, to put it mildly, dilatory. Barnett's protestations that he believed his 1978 discrimination charge was being processed by the EEOC "at all times relevant" (dkt. no. 36 at 1) ring hollow in light of the fact that he specifically alleged in his pleadings that he inquired about the complaint in 1990 regarding "the possibility of re-opening the case." (Dkt. No. 22-1 at 2).[3] Barnett knew then, over twelve years after the alleged discriminatory acts and over eleven years before filing the instant suit, that the EEOC was taking no action with regard to his administrative complaint. The various documents attached to Barnett's objections, as well as the prior case he brought before this Court, simply serve to confirm that Barnett was well aware any number of years ago that his 1978 complaint was unequivocally not pending before the EEOC. His protracted delay in filing the instant suit, as the magistrate judge found, is both

---

[3] Although Barnett takes great umbrage at the magistrate judge's use of the term "re-opening," it is, in fact, Barnett's own characterization of his 1990 actions relevant to the 1978 complaint. See (Dkt. No. 22-1 at 2).

**BARNETT v. UNITED STATES ATTORNEY GENERAL, ET AL.        1:11CV203**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

"unreasonable and inexcusable." (Dkt. No. 34 at 26).

Further, the defendants have conclusively demonstrated that they are materially prejudiced by Barnett's delay. "Evidentiary prejudice encompasses such things as lost, stale or degraded evidence or witnesses whose memories have faded or who have died." Ray Commc'ns, Inc., 673 F.3d at 305 (citation omitted). Here, the defendants have submitted affidavits from various witnesses attesting to the fact that all of the employees - and presumptive witnesses - from the relevant time period are no longer employed by FCI Morgantown, and that all personnel files dating back to 1978 have been destroyed. (Dkt. Nos. 15-3, 15-4). Barnett himself provided an affidavit reflecting that the BOP had no documentation or other records relevant to his 1978 administrative complaint, as EEO complaint files are only preserved for four years after closure. (Dkt. No. 1-4 at 5). Again, then, the Court agrees with the magistrate judge that the defendants are "materially prejudiced by [Barnett's] unreasonable and inexcusable delay in bringing the present action." (Dkt. No. 34 at 28).

In sum, upon careful consideration of the undisputed evidence of record, the Court concludes that the only equitable result in this case is to grant the defendants' motion for summary judgment as to both claims pursuant to the defense of laches.

**BARNETT v. UNITED STATES ATTORNEY GENERAL, ET AL.**          **1:11CV203**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**IV.**

For the reasons discussed, the Court:

1. **ADOPTS** the Report and Recommendation as modified (dkt. no. 34);

2. **GRANTS** the defendants' motion to dismiss or for summary judgment (dkt. no. 14); and

3. **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

If the plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: March 20, 2013.

_Irene M. Keeley_
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE